## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) |
| vs. | ) NO. CR 04-0844 RB |
| **LUIS GALLARDO-LOPEZ,** | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's (Gallardo-Lopez's) Motion to Dismiss Indictment Based on Fundamentally Unfair Immigration Hearing (Doc. 50), filed on April 6, 2005. On August 12, 2005, I held a hearing, received evidence, and heard arguments. Having considered the briefs, evidence, arguments of counsel, and being otherwise fully advised, I find that this motion should be denied.

**I. Facts.**

Gallardo-Lopez was born in Mexico on September 14, 1962. Gallardo-Lopez has lived in the United States since the age of eighteen. On June 20, 1986, Gallardo-Lopez was convicted of burglary of a vehicle, and sentenced to five years incarceration. On February 4, 1991, while on probation for the 1986 offense, Gallardo-Lopez committed the offense of burglary of a habitation. On April 1, 1991, Gallardo-Lopez pleaded guilty to the charge of burglary of a habitation. His probation was revoked and he was sentenced to an additional eight years imprisonment.

On March 11, 1992, the INS issued an Order to Show Cause alleging that Gallardo-Lopez had been convicted of a crime of moral turpitude and that he had been convicted of an aggravated

felony. The Texas Department of Corrections remanded Gallardo-Lopez to the custody of the INS. On April 9, 1992, Gallardo-Lopez appeared before an Immigration Law Judge ("ILJ") and conceded deportability based on having been convicted of a crime of moral turpitude. The INS withdrew the charge alleging that Gallardo-Lopez was subject to deportation based on an aggravated felony conviction. Gallardo-Lopez was released on bond.

The matter was reset for May 4, 1992, to allow Gallardo-Lopez to apply for relief from deportation under §212(c) of the Immigration and Naturalization Act. On May 4, 1992, Gallardo-Lopez was not prepared so the case was reset. On June 8, 1992, Gallardo-Lopez presented the necessary waiver application under §212(c). The ILJ set the matter for October 2, 1992. Gallardo-Lopez arrived late for the hearing. According to Gallardo-Lopez, a security officer told him to leave and that the hearing would be rescheduled. Gallardo-Lopez filed a timely appeal.

On August 26, 1997, the Bureau of Immigration Appeals affirmed the ILJ's order of deportation. Gallardo-Lopez was removed to Mexico on September 3, 1997. Later that month, Gallardo-Lopez re-entered the United States without permission.

On July 24, 2001, Gallardo-Lopez was apprehended by immigration officials in the United States. Gallardo-Lopez admitted that he had re-entered the United States in September of 1997, the same month as his removal. Immigration officials again deported Gallardo-Lopez on March 6, 2002, after a reinstatement of his prior deportation order was entered.

Gallardo-Lopez argues that the September 3, 1997 removal was fundamentally unfair because he was eligible to apply for a discretionary §212(c) waiver of deportation.

**II. Discussion.**

In order to succeed in a collateral attack of a deportation order, an alien must show that: (1)

the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings, at which the order was issued improperly, deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair. 8 U.S.C. §1326(d).  To show that the underlying proceeding was fundamentally unfair, Gallardo-Lopez has the burden to show a "reasonable likelihood that, but for the errors complained of, he would not have been deported." *United States v. Aguirre-Tello*, 353 F.3d 1199, 1208 (10th Cir. 2004) (en banc).

Assuming, without deciding, that Gallardo-Lopez can demonstrate that his removal proceeding was fundamentally unfair and that he properly exhausted any administrative remedies, Gallardo-Lopez has failed to meet his burden of proving prejudice.  *Aguirre-Tello*, 353 F.3d at 1204. Gallardo-Lopez has two felony convictions; burglary of a vehicle and burglary of a habitation. Gallardo-Lopez presents some favorable circumstances in that he has lived in the United States for many years and his family members are United States citizens.  However, based on his extensive criminal history, there is no reasonable likelihood that the Attorney General would have selected him for §212(c) relief from among the large number of eligible aliens.  *United States v. Sandoval*, 390 F.3d 1294, 1299 (10th Cir. 2004); *Aguirre-Tello*, 353 F.3d at 1209.  Because Gallardo-Lopez has failed to show a reasonable likelihood that the waiver would have been granted, the motion to dismiss indictment is denied.

**IT IS SO ORDERED**.

_____
 **ROBERT C. BRACK**
 **UNITED STATES DISTRICT JUDGE**